826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. GLAZEBROOK, Plaintiff-Appellant,
v.
J. Davis REED; Deputy Rouse; Dr. Easton; Sandra Wiese;
Jack Dewan; William Macali; Suzanne Riegel;
City of Virginia Beach, Defendant-Appellee.
 No. 86-7356.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1987.
Decided Aug. 4, 1987.
 
 E.D.Va.
 DISMISSED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA No. 86-94-AM)
 William H. Glazebrook, appellant pro se.
 Guy W. Horsley, Jr., Robert Quentin Harris, Office of the Attorney General, for appellees Reed, Rouse, Dewan, Macali and Riegel.
 John J. Brandt, Slenker, Brandt, Jennings & Johnston for appellees Easton and Wiese.
 Dale Bimson, Office of the City Attorney, for appellee City of Virginia Beach.
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Glazebrook, a Virginia inmate, filed a 42 U.S.C. Sec. 1983 complaint alleging that the defendants violated his constitutional rights. Subsequently, Glazebrook filed a motion for appointment of counsel. The district court denied this motion and Glazebrook appealed.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Final judgment has not yet been entered in this case.
 
 
 3
 The collateral order doctrine provides a limited exception to the final judgment rule. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Under the collateral doctrine order an interlocutory order may be appealed if it (1) conclusively decides the disputed issue; (2) resolves an important issue which is separate from the merits of the case; and (3) is unreviewable on appeal from the judgment. Firestone, supra, at 375.
 
 
 4
 In Miller v. Simmons, --- F.2d ---- (4th Cir., March 26, 1987) (No. 85-6664), this Court held that a district court's decision denying a motion for appointment of counsel was not subject to interlocutory review under the collateral order doctrine, but could only be appealed after entry of final judgment.
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.